UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JUAN FRANCISCO L.P.,

        Petitioner,

    v.

SERGIO ALBARRAN et al.,

        Respondents.

No. 1:26-cv-01213-TLN-EFB

**ORDER**

    This matter is before the Court on Petitioner Juan Francisco L.P.[1]'s ("Petitioner") Petition for Writ of Habeas Corpus. (ECF No. 1.)  Respondents filed an opposition. (ECF No. 10.) Petitioner filed a reply. (ECF No. 11).  For the reasons set forth below, Petitioner's habeas petition is GRANTED.

///

///

///

---

[1]    The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND[2]

The instant matter arises from Petitioner's allegedly unlawful detention by immigration authorities.  (ECF No. 1.)

Petitioner entered the United States in 2022 and has resided here since then.  (*Id.* at 4.)  He was arrested and placed in immigration detention on January 21, 2026, in Biddeford, Maine and subsequently transferred to the California City Correctional Facility.  (*Id.* at 5–6.)  The government charged him with being a non-citizen present in the United States without admission, parole, or a valid visa.  (*Id.* at 4.)  An immigration judge dismissed removal proceedings against him on February 5, 2026, for failure to prosecute.  (*Id.*)  On the same date, an immigration judge denied Petitioner's request for a custody redetermination.  (*Id.*)

Petitioner filed the instant Petition for Writ of Habeas Corpus on February 11, 2026, challenging the lawfulness of his detention.  (*Id.* at 1.)  On February 13, 2026, he filed a Motion for Temporary Restraining Order, which the Court granted, ordering his immediate release.[3] (ECF Nos. 8, 9.)

## II.    STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has

---

[2]    Respondents do not contest the accuracy of any of these facts.  (*See generally* ECF No. 10.)

[3]    The Court also ordered Respondents to return all of Petitioner's possessions.  (ECF No. 9.)  They failed to do so, causing Petitioner to be unable to return to his home in Massachusetts. (ECF No. 12.)  Respondents were ultimately unable to locate these documents and reimbursed Petitioner for the cost of replacing them.  (ECF Nos. 14–22.)  While the Court appreciates that the issue was ultimately resolved, it stresses that compliance with its orders is not optional, particularly when non-compliance results in serious hardships to detainees it has ordered released.

served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**III.    ANALYSIS**

Petitioner challenges his detention without notice or a hearing as violating the Immigration and Nationality Act ("INA").  (*See* ECF No. 1.)  In opposition, Respondents contend Petitioner is an "applicant for admission" who is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)").  (*See* ECF No. 10.)

A.    Immigration and Nationality Act

8 U.S.C. § 1226(a) ("§ 1226(a)") "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022).  The statute affords the government broad discretion whether to release or detain the individual.  *Id.*  It also provides "extensive procedural protections" including several layers of review of the initial custody determination, "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Id.* at 1202.  Conversely, § 1225(b)(2) mandates detention during removal proceedings for "applicants for admission" who are "seeking admission" and does not provide for a bond hearing. *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018).  Until the U.S. Department of Homeland Security changed its policy in July 2025, the Government consistently applied § 1226(a), not § 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal.

Respondents requested the Court hold this matter in abeyance pending the Ninth Circuit's resolution of the appeal in *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239 (W.D. Wash. 2025).  The Ninth Circuit recently resolved that appeal and concluded, after examining the history, text, and structure of the INA, that § 1226(a) and not § 1225(b)(2) governs the detention of noncitizens like Petitioner who are arrested in the interior of the country after entering without inspection or

parole. *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424, at *10 (9th Cir. July 30, 2026).

Thus, the Court finds Petitioner is not an applicant for admission subject to mandatory detention under § 1225(b)(2). Petitioner's detention is instead governed by § 1226(a) and he is entitled to the process so required which includes, at a minimum, a bond hearing. Having been denied the process owed under § 1226(a), Petitioner's detention violates the INA.

**IV.    CONCLUSION**

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus. (ECF No. 1.)

1.    Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner, while subject to § 1226(a), absent strict compliance with statutory protections, including a minimum of seven-days' notice and a pre-detention bond hearing where a neutral adjudicator finds by clear and convincing evidence that Petitioner is a danger to the community or a flight risk such that no amount of bond or alternatives to detention will mitigate that risk. *See Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). At any such hearing, Petitioner shall be allowed to have counsel present.

2.    The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATED: August 3, 2026

_____
Troy L. Nunley
Chief United States District Judge